PETER MARKIEWICZ, Respondent, v. MARTIN THOMPSON, Appellant.

Third Department, May 4, 1927.

Negligence — action for injuries suffered by plaintiff when defendant shot him in hand while on hunting trip — both parties saw partridge at same time — plaintiff was several feet in advance of defendant — plaintiff raised his hand in warning to defendant practically at same instant defendant fired at partridge — question of negligence was for jury — verdict for defendant should not have been set aside.

This is an action to recover damages suffered by the plaintiff who was shot in the hand by the defendant while the parties were on a hunting trip. It was error for the court to set aside a verdict in favor of the defendant, since it appears that both plaintiff and defendant saw a partridge on the ground at the same time; that the plaintiff was a few feet ahead of the defendant and was unable to see the partridge because of a bush between the partridge and himself; that the defendant was in full view of the partridge and that at the instant the defendant shot, the plaintiff extended his left arm as an indication that he intended to move so as to get the partridge in view. No fixed standard of duty can be applied, as a matter of law, to the facts of this case, and it was for the jury to determine whether the defendant exercised care and whether the plaintiff also exercised care or whether the injury was the result of an unavoidable accident.

APPEAL by the defendant, Martin Thompson, from an order of the Supreme Court, made at the Schenectady Trial Term and entered in the office of the clerk of the county of Schenectady on the 3d day of December, 1926, setting aside the verdict of a jury in favor of the defendant.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the appellant.

*Leary & Fullerton* [*Edward W. Barrett* of counsel], for the respondent.

HINMAN, J. The respondent was shot in the hand by the appellant while they were jointly engaged in hunting on Sunday, October 22, 1922. The respondent brought this action to recover for his personal injury. Both of the parties were experienced in the use of shot guns which they carried and both were men of

mature years. They had hunted together on various occasions. They had two companions on the day of the accident but the respondent and appellant were the only eye-witnesses to the accident. They do not disagree in any very substantial respect as to the material facts relative to the occurrence.

After they had been hunting a short time the respondent shot a rabbit, which he put in his pocket. While they stood there or just as they started to walk on, one of the dogs flushed a partridge on their left which flew ahead of them and came down again about thirty steps away and a little to the left of respondent and appellant. Their other two hunting companions were located somewhere else. The respondent was standing about two feet to the appellant's right as they faced the spot where the partridge landed, and, according to the appellant's version, the respondent was two or three feet ahead of the appellant. The respondent thinks he was three or four feet ahead of the appellant. Both of them heard the partridge fly and saw it come down again. The respondent was carrying his gun in both hands. There was a bush between h m and the partridge. He says he wanted to step aside from the bush to get a sight of the partridge. He put his left hand out, as he says, " because I knew he [the appellant] was out back of me.    *    *    * I saw the partridge set down, then I wanted to step out to see if I could see it, I did not have much time." He was desirous of shooting the bird himself. He acted instantly. He says: " I just put out my hand. I wanted to shoot at it and at the same time I got struck.    *    *    * He shot at the same time." His object in putting out his hand was to show the appellant that he wanted to step over to a point where he could see the bird which was hidden from his view by the bush. According to his own story both of them acted simultaneously. The appellant was just as desirous of shooting the bird and nothing intercepted his view of it as he raised his gun to shoot. The respondent was ahead of him and safely to his right and would not have been hit had it not been for his simultaneous act in throwing his left hand precipitately and without warning in the line of the shot. The appellant fired his right barrel which was loaded with a spread shell containing about 300 bird shot. The shot passed through the respondent's hand making a wound about the size of a silver half-dollar or dollar. He received no other wound. The lack of spread of the shot is evidence that the respondent was only a step ahead of the appellant and that the respondent would have been uninjured if he had not suddenly and without warning changed his position from one of safety to one of danger.

They were companions in a hazardous expedition. The shooting

of partridge must necessarily be a sudden and hurried operation or the game is lost. The jury may well have thought that those who engage in such an enterprise assume some risk. No fixed standard of duty could be applied as a matter of law to the facts of such a case. It was peculiarly for the jury to determine whether the appellant exercised due care and whether the respondent did or whether it was an unavoidable accident. The learned trial justice, in a charge free from objection and exception, carefully and fully required the jury to apply the rule of reasonable care under the circumstances as the test of negligence and contributory negligence. The jury returned a verdict of no cause of action. We think it should not have been set aside as against the weight of the evidence. Our examination of the record convinces us that this is a case the determination of which should rest in the sound judgment and discretion of the jury under a proper charge and that there is no reason to suppose that another jury would reach a fairer determination.

The order should be reversed on the law and the facts and the verdict reinstated, with costs.

VAN KIRK, Acting P. J., McCANN and DAVIS, JJ., concur; WHITMYER, J., not sitting.

Order reversed on the law and facts, and verdict reinstated, with costs.